# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
ALVERNO BIGHAM
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 10-30315

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☑ a preponderance of the evidence that

Defendant is charged by way of indictment with Theft of United States Property and Theft of Mail. Defendant is currently 40 years old and is unemployed, receives food stamps, and lives with his mother where he has resided since his release from custody six months ago. He is currently on state parole. Defendant's parole officer has indicated that a detainer will filed regarding the allegations of the instant federal offense.
CONTINUE ON PAGE 2

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 30, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJOZUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant has no assets or debts. He contributes to his mother's household each month by giving her a percentage of his food stamps.

Defendant has a drug addiction problem. He uses marijuana regularly (he claims monthly) and he has a 3 times a week crack cocaine habit. He tested positive for cocaine when tested by Pretrial Services.

Defendant's criminal history includes a conviction for Felony Breaking and Entering, Occupied Dwelling, Unarmed Robbery on 4/25/94 for which he was sentenced to three years, six months to fifteen years custody, with a supervision discharge date of 12/2/11.

On 2/23/99 Defendant pled guilty to Felony Armed Robbery, and he was sentenced to eight and fifteen years custody, and was paroled on 12/2/09.

As stated above, Defendant is currently on state parole supervision and a detainer is to be lodged by his parole officer as a result of the instant federal charges.

Defendant poses a danger to the community based up on his continuing criminal activities, which include two felony convictions, the fact that these charges were brought while he was still under state parole supervision only six months after he was discharged from prison following his last conviction, and his continuing illegal substance abuse. It appears that he is not deterred by orders of the court, conditions of supervision, and the threat of returning to prison. He has proven that he is unable and/or unwilling to comply with conditions of bond, based upon the fact that a detainer is being lodged by his state parole officer in the state case. There are no conditions of bond which would assure the safety of the community. Detention is Ordered.